CASTELLI v. BURNS et al.

(Supreme Court, Appellate Division, First Department.   October 24, 1913.)

1. MORTGAGES (§ 11*)—FORECLOSURE—DIVESTITURE OF MORTGAGOR'S TITLE.

    The acceptance of a mortgage executed by the mortgagor after entry of a decree of foreclosure of another mortgage on the property, but before sale, would be effective in favor of the second mortgagee, since it is the sale on foreclosure and delivery of the referee's deed which divests a mortgagor's title.

    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 10–12, 16; Dec. Dig. § 11.*]

2. DEEDS (§ 82*)—DELIVERY—RECORDING.

    It is not essential to the vesting of title that the deed be recorded, delivery and acceptance by the grantee being sufficient; and the grantee can thereafter legally execute a mortgage on the property without first recording the deed.

    [Ed. Note.—For other cases, see Deeds, Cent. Dig. § 217; Dec. Dig. § 82.*]

Appeal from Special Term, New York County.

Action by Domenico Castelli against Alexander S. Burns and others. From an order directing the county clerk to enter and docket a judgment for plaintiff against defendant named, such defendant appeals. Reversed and motion denied.

The prior order of the court, referred to in the opinion, directed Burns to execute to plaintiff a mortgage and bond.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George E. Blackwell, of New York City, for appellant.
Louis O. Van Doren, of New York City, for respondent.

PER CURIAM.   When this court, in April last (156 App. Div. 200, 140 N. Y. Supp. 1057), so far modified the judgment then under consideration as to reverse that portion of it which dismissed the complaint against the defendant Semenza, it was quite obvious, and therefore understood by the court, that said defendant would probably proceed diligently with the prosecution of his action to foreclose the mortgage held by him.   The facts are fully stated in the opinion on that appeal.

[1] The purpose of requiring the defendant Burns to give a bond and mortgage for $4,000 and a mortgage for $2,500 was simply to put plaintiff in a position to protect his interest on the foreclosure sale, or, failing in that, to have an indisputable claim to any surplus that might result from the sale.   To effect this object the acceptance of the mortgages after entry of the decree of foreclosure, but before sale, would have been effective; for it is only the sale and delivery of the referee's deed which divests a mortgagor of his title.

[2] It was not essential to vesting title to the property in Burns that the deed to him should have been recorded.   It was sufficient that the deed had been delivered to and accepted by him.   Burns, therefore,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

at the time he made the tender to plaintiff, was "able" to carry out the provisions of the order of this court, within the meaning of that word as used by the court in its order modifying the judgment heretofore appealed from.

The order appealed from is therefore reversed; with $10 costs and disbursements, and the motion denied, with $10 costs.